## Commonwealth *versus* Pennsylvania Insurance Co.

Where the dividend committee of a corporation embraced within the terms of the act of 11th June, 1840, (which provides that all such companies shall, "*from and after the first day of January next*," &c., pay a certain tax upon their "capital stock paid in,") did, on 31st *December*, 1840, *declare a dividend on the business of the last six months*, to be paid to the stockholders on the 4th of January, then next, which declaration of dividend was confirmed by the directors on the 4th of January 1841, and paid to the stockholders on or after the 14th of January, 1841, such dividend is not taxable under the said act of 11th June, 1840.

This was a case stated for the opinion of the Supreme Court, in which the commonwealth of Pennsylvania was plaintiff, and the Pennsylvania Company for Insurance on lives and granting annuities, was defendant.

The Pennsylvania Company was incorporated by the act of March 10, 1812, and has since carried on business in the city of Philadelphia.

On the 31st December, their dividend committee recommended a dividend of three per cent. "*on the business of the last six months,*" to be paid to the stockholders, when called for, on and after the 14th of January, 1841.

The question submitted to the court is:

Whether the company is properly chargeable with a tax upon these dividends, under the act of June 11th, 1840: *Pamphlet laws,* 612.

*B. Champneys* for plaintiff.

Counsel for defendant not named on paper book.

The opinion of the court was delivered by

COULTER, J.—The best exponents of the legislative mind are the words of the statute, where they are free from ambiguity.— But where they are not, we must resort to legislation on kindred subjects, the spirit of our institutions and the habits of the community, to discover the intent of the legislature. The phraseology of the act of 11th June, 1840, is not clear beyond embarrassment. But the words of the statute, I think, indicate an interpretation favorable to the defendant.

The intent of the statute was to levy additional burthens on the community, and new burthens ought always to be prospective.— Not prospective merely from the date of the act, but prospective also from the time of the assessment. Such is the habit of our legislation, and it would require language free from doubt to establish otherwise. The clause enacts, "Sec. 1. That from and after the 1st of January next, (1841,) until the year 1846, inclusive, the capital stock paid in of all banks, companies, &c., shall in addition to any taxes, rates, or levies now imposed by law, pay for the use of the commonwealth, a tax of one half mill, &c., on every dollar of the value thereof." Here is the length and breadth of the tax. It is to run from and after the 1st January, 1841, until the year 1846, inclusive, and it is to be so much upon every dollar of the capital stock paid in, when the bank or company makes a dividend of one per cent.; and an additional half mill for every additional one *per cent.* which the company shall make. The dividend is not the subject taxed; it is the capital stock paid in which is taxed; the dividend only furnishes the rule by which the amount of the tax shall be measured, and that is one half mill on the capital stock where the profit or dividend is *one per cent. per annum,* and an additional half mill on the capital stock for every additional one per cent. that is made by the institution *per annum,* from and after the 1st January, 1841, until the 1st January, 1846, inclusive.

[Commonwealth *v.* Pennsylvania Insurance Company.]

The plaintiff relies much on the words of the statute which say that the tax shall be regulated by dividends made or declared on said capital stock; inasmuch as the dividend about which the dispute arises was not finally approved by the directors, until the 4th day of January, 1841, the day of their annual meeting. But, on the 30th December, 1840, the dividend committee made and declared a dividend on the business of the last six months, that is for six months during which the tax was not running, because it was before and not "from and after the 1st January, 1841."— This dividend was paid after 1st January, 1841, but it was made and declared before that period, and for profits accruing before that date. It is therefore not within the purview of the statute. If any part of the profits had accrued after 1st January, 1841, and the directors had mingled them with profits which accrued before, and then made a dividend, the case would have been different; because, in that event, the institution would voluntarily have run its head into a noose.

We think the tax did not accrue in this case, and cannot be measured by a dividend all of which accrued, and which was made and declared previous to 1st January, 1841.

Judgment for defendant on case stated.